IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| **ANTHONY MICHAEL HARRIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Civil Action No. 5:23-00670 |
| | ) | |
| **W. HOLZAPFEL,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**O R D E R**

On October 10, 2023, Plaintiff, acting *pro se*,[1] filed a Complaint claiming entitlement to relief pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). (Document No. 2.) As Defendants, Plaintiff names the following: (1) W. Holzapfel; (2) K. Heckard; and (3) D. Rich. (Id.) Plaintiff's Complaint, however, contains only vague and conclusory allegations against the above Defendants. (Id.)

A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); See also Carlson v. Green, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980)(extending Bivens to Eighth Amendment claims); Davis v. Passman, 442 U.S. 228, 239 n. 18, 99 S.Ct. 2264, 2274 n. 18, 60 L.Ed.2d 846 (1979)(extending Bivens to allow citizen's recovery of damages resulting from a federal agent's violation of the Due Process Clause of the Fifth Amendment.) A Bivens action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See* Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

their unconstitutional conduct. Proof of causation between the official's conduct and the alleged injury is necessary for there to be liability. A plaintiff asserting a claim under Bivens must show the violation of a valid *constitutional right* by a person acting under color of federal law. However, Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); Berger v. Pierce, 933 F.2d 393, 397 (6th Cir. 1991); Reingold v. Evers, 187 F.3d 348, 355 n. 7 (4th Cir. 1999).

Accordingly, if Plaintiff wishes to proceed with his Bivens claim, he should amend his Complaint to name individual defendants ***and state specific facts as to how each defendant violated his constitutional rights***. Specifically, Plaintiff's Amended Complaint should identify each individual the Plaintiff seeks to name as a defendant. Plaintiff must also state what constitutional rights he believes each defendant has violated and support each claim with specific factual allegations about each defendant's actions or omissions, and allege, with some degree of particularity, how each named defendant was involved in the alleged deprivation of his rights.

Plaintiff is hereby **NOTIFIED** that it will be insufficient for him to simply refer to his initial Complaint (Document No. 2), or additional documentation, or to incorporate the same by reference in the Amended Complaint. The Amended Complaint will **supersede** the initial Complaint (Document No. 2), and there must be **one integrated document** that will provide the defendants with notice of the claims and allegations against them.

Next, Plaintiff is **NOTIFIED** that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a)(1996), requires that inmates exhaust available administrative remedies *prior* to filing civil actions though the administrative process may not afford them the relief they might obtain

through civil proceedings.[2] Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2382-83, 165 L.Ed.2d 368 (2006); Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002)(The Prison Litigation Reform Act's exhaustion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes and whether they allege excessive force or some other wrong.); Booth v. Churner, 532 U.S. 731, 121 S.Ct. 1819, 1820,149 L.Ed.2d 958 (2001)("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). Exhaustion of administrative remedies is also required when injunctive relief is requested. Goist v. U.S. Bureau of Prisons, 2002 WL 32079467, *4, fn.1 (D.S.C. Sep 25, 2002), *aff'd*, 54 Fed.Appx. 159 (4th Cir. 2003), *cert. denied*, 538 U.S. 1047, 123 S.Ct. 2111, 155 L.Ed.2d 1088 (2003). "[A] court may not excuse a failure to exhaust" because the PLRA's mandatory exhaustion scheme "foreclose[es] judicial discretion." Ross v. Blake, 578 U.S. 632, 136 S.Ct. 1850, 1856-57, 195 L.Ed.2d 117 (2016)("[A] court may not excuse a failure to exhaust, even to take [special circumstances] into account."). To the extent there is no response to an administrative remedy within the requisite time period, an inmate should consider such as a denial and proceed to the next level in the administrative remedy process. Plaintiff is **NOTIFIED** that if he wishes to fully exhaust his administrative remedies prior to seeking relief, he should voluntarily dismiss this action and initiate a new action upon completion of the administrative remedy process.[3]

---

[2] 42 U.S.C. § 1997e(a) provides as follows:
    No action shall be brought with respect to prison conditions under section 1983 of this title or any other federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted.

[3] Although Plaintiff indicates he believes he exhausted his administrative remedies, Plaintiff acknowledges that his remedies were rejected at the Regional and General Counsel levels. Not only must a prisoner exhaust his administrative remedies, but he must also do so properly." *Wells v. Parkersburg Work Release Ctr. et al.*, 2016 WL 696680, at *3 (S.D. W. Va. Jan. 19, 2016). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly

Accordingly, it is hereby **ORDERED** that Plaintiff has until **November 13, 2023**, to amend his Complaint to specifically set forth his constitutional claims and state specific facts as to how each defendant violated his constitutional rights. Failure of the Plaintiff to amend his Complaint by November 13, 2023, will result in a recommendation of dismissal of this matter without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure[4] and Rule 41.1 of the Local Rules of Civil Procedure for the Southern District of West Virginia[5].

The Clerk is directed to mail to Plaintiff, who is acting *pro se*, a copy of this Order, and a form Complaint.

**ENTER**: October 12, 2023.



Omar J. Aboulhosn
United States Magistrate Judge

---

structure on the course of its proceedings." *Id.*(citing *Woodford v. Ngo*, 548 U.S. 81, 90–91, 126 S.Ct. 2378, 165 L.Ed.2d. 368 (2006)). If Plaintiff's administrative remedies were rejected, such could not properly exhaust his administrative remedies. *See Pendleton v. Ames*, 2023 WL 2541967, * 5 (S.D.W.Va. March 16, 2023)(finding that plaintiff's grievance that was rejected as untimely, could not have properly exhausted his administrative remedies).

[4] Rule 41(b) of the Federal Rules of Civil Procedure provides:
> **(b) Involuntary Dismissal: Effect**. If the plaintiff fails to prosecute or to comply with these rules or any order of court, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - - operates as an adjudication on the merits.

[5] Rule 41.1 of the Local Rules provides:
> **Dismissal of Actions**. When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the absence of good cause shown within that period of time, the judicial officer may dismiss the action. The clerk shall transmit a copy of any order of dismissal to all counsel and unrepresented parties. This rule does not modify or affect provisions for dismissal of actions under FR Civ P 41 or any other authority.